THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MOSES P. PROUT, GEORGE PIRNIE and JAMES McNAB, as Administrators of WILLIAM F. PROUT, Deceased, Appellants.

*Collateral inheritance tax — when an estate chargeable under it is not liable to the penalty imposed by sections 4 and 5 of chapter 483 of 1885.*

Where an estate, which is chargeable with the collateral inheritance tax imposed by chapter 483 of 1885, cannot be settled at the end of the year from the death of the decedent by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, neither the past interest for such year, nor the ten per cent penalty imposed by sections 4 and 5 of the said act, should be imposed upon it, but only six per cent per annum is to be charged upon the said tax from the expiration of the year until the cause of such delay be removed.

Appeal from an order, entered in the Surrogate's Court of the county of New York, in the above-entitled proceeding, on the 15th day of February, 1889, directing that the decree entered herein on the 20th day of December, 1888, be amended, and that

the administrators herein named forthwith pay to the comptroller of the city of New York interest upon such tax, as found and imposed in said decree, at and after the rate of six per cent per annum from the 8th day of September, 1886 to the 27th day of September, 1887, inclusive.

*G. H. Crawford*, for the appellants.

*B. F. Dos Passos*, for the respondent.

VAN BRUNT, P. J.:

The question involved upon this appeal seems to be whether, under the circumstances of this case, the estate in question should be compelled to pay interest upon the amount of the collateral inheritance tax for the year following the decedent's death. The question depends upon the construction to be given to sections 4 and 5 of chapter 483 of the Laws of 1885. Those sections are as follows:

" Section 4. All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within one year, interest at the rate of six per cent per annum shall be charged and collected thereon, but if not so paid, interest at the rate of ten per cent per annum shall be charged and collected from the time said tax accrued; provided, that if said tax is paid within six months from the accruing thereof, interest shall not be charged or collected thereon, but a discount of five per cent shall be allowed and deducted from said tax, and in all cases where the executors, administrators or trustees do not pay such tax within one year from the death of the decedent, they shall be required to give a bond in the form and to the effect prescribed in section two of this act for the payment of said tax, together with interest."

" Section 5. The penalty of ten per cent per annum imposed by section four hereof for the non-payment of said tax shall not be charged where, in cases, by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the estate of any decedent, or a part thereof, cannot be settled at the end of a year from the death of the decedent, and in such cases only six per cent per annum shall be charged upon the said tax from the expiration of such year until the cause of such delay is removed."

The right to the remission under section 5 does not seem to be disputed, the question being as to the amount of the remission, whether it shall be to the amount only of four per. cent of the ten per cent imposed by section 4, in case the taxes are not paid within one year, or whether the law entitles the estate to a total remission of interest for the year following the decedent's death.

In the consideration of this question it seems to be necessary to advert to the nature of the claim for interest provided by the statute. A tax does not carry interest by implication of law as in the case of a debt, and in all systems of taxation where default is made in the payment of the tax interest is added by way of penalty for such default. And so in the fourth section of the act in question, if the tax is paid within one year interest at the rate of six per cent shall be charged and collected thereon, but if not so paid, interest at the rate of ten per cent shall be collected and charged from the time such tax accrued, namely, from the death of the decedent. Then follows a premium for prompt payment, as is found in many of the tax laws, whereby there is allowed in a case where the tax is paid within six months a discount of five per cent and also a provision that no interest shall be charged. The language of section 5 expressly recognizes the nature of this interest, which is charged because of the failure to pay the tax within six months after the death of the decedent. It provides that *the penalty* of ten per cent per annum, imposed by section 4 for the non-payment of said tax, shall not be charged, expressly recognizing the idea that the whole amount of the interest is a penalty. It does not refer to the addition of four per cent as being the penalty, but it states that the penalty of ten per cent per annum, imposed by section 4, shall not be charged in certain cases, and then goes on and provides that in such cases only six per cent per annum shall be charged *from the expiration of said year, i. e.*, the year following the death of the decedent. Now, it seems to be clear, therefore, that if the penalty of ten per cent, imposed by section 4, is to be remitted (and it is not claimed that this ten per cent is in addition to the six per cent, but it is admitted that it embraces the whole amount of the penalty), nothing remains, and the charge for interest, imposed by the subsequent language of section 5, providing that where a remission of the penalty of ten per cent is permitted only

six per cent shall be charged, only begins from the expiration of the year following the decedent's death. It is urged that to agree to the ingenious argument advanced by the counsel for the appellants would be to produce delay and induce litigation so that the estate could not be settled within the year. The protection in this regard is perfect in the act, because the burden rests upon the party claiming exemption to show that he comes within the provisions of the act, namely, that the settlement of the estate has been delayed by *necessary* litigation or other *unavoidable* cause, and that, therefore, they are not in a condition to settle the estate or pay the tax. The learned surrogate seems to us to have fallen into an error because he assumes that any portion of what is called interest in the act is to be deemed otherwise than as a penalty for non-payment. He says that it seems plain, upon reading the two sections together, that the intention was to relieve the estate from the payment of the penalty and not from the interest. But as the whole was a penalty the reasoning cannot apply; and it further cannot apply because the act says that the estate shall be relieved from the whole charge, and it calls the whole charge a penalty.

We think, therefore, that the estate was not chargeable with the penalty during the first year, be it called interest or by any other name.

The decree appealed from in this respect must be reversed, with costs.

BARRETT, J.:

The legislature has said, in so many words, that where an estate, for certain good reasons, cannot be settled in one year from the death of the decedent, the interest on the tax shall be but six per cent, and shall run from the expiration of the year. The courts cannot extend this. The law is thus written. Besides, it is a law creating a penalty and should be strictly construed. And I think, too, that it is entirely homogeneous. If the tax is paid in six months, there is a rebate of five per cent. If paid after the six months, and within the year, interest at six per cent is charged upon it. That provision is for a case where the estate might be conveniently settled and the tax paid within the year. *In such a case*, after the expiration of the year, the ten per cent penalty is imposed. If, however, it is a case where the estate could not be so

conveniently settled, for the reasons specified in the act, neither the past interest nor the ten per cent penalty is imposed, but simply six per cent from the end of the year until the cause of the delay is removed. This is fair and reasonable, and I see no incongruity in the scheme. For these reasons and those given by the presiding justice, in whose opinion I fully concur, the order of the surrogate should be reversed in this particular.

DANIELS, J., concurred.

Decree reversed, with costs.